UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AGUILA ENERGIA E PARTICIPÇÕES LTDA.

                              Petitioner,          22-mc-00228(JGK)

        - v -
                                                   MEMORANDUM OPINION AND
JPMORGAN CHASE & CO.,                              ORDER

                              Respondent.

---

JOHN G. KOELTL, District Judge:

The Court has received the Report and Recommendation by Magistrate Judge Sarah L. Cave, dated February 29, 2024, which recommends that this Court grant the motion of the respondent, JPMorgan Chase & Co ("JPMorgan Chase"), to quash a subpoena served by the petitioner, Aguila Energia e Participações Ltda. ("Aguila"), pursuant to 28 U.S.C. § 1782. See ECF No. 32. Aguila has timely filed objections to the Report and Recommendation, see ECF No. 33, and JPMorgan Chase has filed a response, see ECF No. 34.

Reviewing the Report and Recommendation de novo, the objections are **overruled,** and the Report and Recommendation is **adopted** substantially for the reasons stated therein.

## I.

This case arises out of efforts to auction off oil and gas assets owned by Petrobras, a Brazilian company that produces and refines oil and natural gas. See ECF No. 1 at 11; ECF No. 32 at

1

2. The auction was administered by JPMorgan Brazil, acting as
Petrobras's financial advisor. See ECF No. 1 at 15-16. Aguila
alleges that it made the highest bid on two different occasions,
but that JPMorgan Brazil disrupted the transaction by requesting
that Aguila provide an unreasonable number of financial
documents and information on an unreasonably accelerated
timeline. Id. at 16-17. After the second auction fell through,
Aguila commenced three suits against JPMorgan Brazil: a civil
suit in Brazilian court, an administrative complaint filed with
the Brazilian General Accounting Office, and a criminal
complaint filed with the Brazilian Federal Prosecutor's Office
(the "Brazilian proceedings"). See ECF No. 1 at 3, 9.

   To supplement its Brazilian proceedings against JPMorgan
Brazil, Aguila filed an ex parte application pursuant to 28
U.S.C. § 1782 for an order to serve a subpoena on JPMorgan
Chase, the holding company for Chase subsidiaries, to obtain
documents relating to its claims against Petrobras and JPMorgan
Brazil. See ECF No. 1; ECF No. 4. Aguila alleged that, as the
parent company of JPMorgan Brazil, JPMorgan Chase had possession
of all the electronic materials and communications produced
during the auction process. See ECF No. 1 at 11-13; ECF No. 33
at 6.

   On August 22, 2023, in a thorough Report and
Recommendation, the Magistrate Judge denied Aguila's Section

1782 application, determining that Aguila had failed to demonstrate that JPMorgan Chase possessed relevant evidence. See ECF No. 9.[1] On September 28, 2024, this Court held a telephone conference with the parties and issued an Order permitting Aguila to serve the subpoena on JPMorgan Chase, and set a briefing schedule for JPMorgan Chase to file a motion to quash that subpoena. See ECF No. 15. On October 20, 2023, JPMorgan Chase filed a timely motion to quash, and this Court referred that motion to the Magistrate Judge. ECF No. 28.

On February 29, 2024, the Magistrate Judge issued a second Report & Recommendation, finding that the statutory requirements of Section 1782 were not satisfied and, in any event, that Aguila failed to demonstrate that the third and fourth Intel factors weighed in Aguila's favor. See ECF No. 32 at 18-24 (citing Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241 (2004) ("Intel")). The Magistrate Judge therefore recommended that this Court grant JPMorgan Chase's motion to

---

[1] Courts in this District previously treated applications made pursuant to 28 U.S.C. § 1782 as non-dispositive motions that Magistrate Judges had the authority to hear and determine by order. However, a recent unreported decision by the Court of Appeals for the Second Circuit called into question the propriety of this view. See Associaocao dos Profissionais dos Correios v. Bank of New York Mellon, No. 22-2865, 2023 WL 3166357 (2d Cir. Mar. 29, 2023). In this case, the Magistrate Judge addressed this uncertainty in the initial Report and Recommendation, by issuing the Report and Recommendation as a dispositive ruling. See ECF No. 9 at 1, n.1.

quash and deny Aguila's Section 1782 application. See ECF No.
32.

Aguila objected to the second Report and Recommendation,
contending, among other things, that the documents they seek are
in JPMorgan Chase's possession and that third and fourth Intel
factors weigh in Aguila's favor. See ECF No. 33. JPMorgan Chase
filed a timely response to Aguila's objections, arguing that
Aguila failed to demonstrate that JPMorgan Chase had possession,
custody, or control of the documents, and that the first, third,
and fourth Intel factors weighed strongly against Aguila. See
ECF No. 34. JPMorgan Chase does not argue that the second Intel
factor weighs against Aguila's application. Id. at 11 n.3.

On June 24, 2024, this Court heard oral argument on
Aguila's objections to the Magistrate Judge's Report and
Recommendation. At that hearing, JPMorgan Chase again
represented that it did not possess the relevant documents. See
Hearing Tr. at 9. At the conclusion of the hearing, this Court
invited Aguila to inform the Court by letter whether Aguila
considered the petition resolved, id. at 15-16, and Aguila
submitted a letter on June 27, 2024, see ECF No. 40. Among other
issues, Aguila alleged in that letter that JPMorgan Chase had
never responded to Aguila's subpoena requesting that JPMorgan
Chase produce the relevant documents. See id. at 1-2. On July 9,
2024, JPMorgan Chase responded that it had informed Aguila on

4

"numerous occasions" that JPMorgan Chase is "a bank holding company with no operations and no documents to produce." See ECF No. 45 at 1 (citing ECF No. 27 at 7; ECF No. 34 at 16).

Because Aguila has failed to meet its burden of establishing that JP Morgan Chase has possession, custody, or control of the documents it seeks, Aguila's Section 1782 motion is **denied**, the motion to quash the subpoena is **granted**, and the Report and Recommendation is adopted in full.

## II.

We review de novo a Magistrate Judge's Report and Recommendation, reviewing all elements as to which an objection has been filed. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).[2] Where an objection has been made, the Court must "arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made." Nelson v. Smith, 618 F. Supp 1186, 1189-90 (S.D.N.Y. 1985). The Court may adopt those portions of the Report and Recommendation "to which no specific written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous." United States Sec. & Exch. Comm'n v. Collector's Coffee Inc., 603 F.

---

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

Supp. 3d 77, 83 (S.D.N.Y. 2022) (citing Fed. R. Civ. P. 72(b);

Thomas v. Arn, 474 U.S. 140, 149 (1985)); Rule 72(b)(3).

Regarding the application for discovery in this case,

Section 1782 "authorizes, but does not require," district courts

to assist applicants to obtain discovery for use in foreign

proceedings. Intel, 542 U.S. at 255. Under Section 1782, courts

have wide discretion to determine whether to grant discovery and

can tailor any requested discovery "to avoid attendant

problems." Application of Esses, 101 F.3d 873, 876 (2d Cir.

1996). In considering discovery applications under Section 1782,

courts should consider the twin aims of the statute: "providing

efficient means of assistance to participants in international

litigation in our federal courts and encouraging foreign

countries by example to provide similar means of assistance to

our courts." Id. (quoting In re Application of Malev Hungarian

Airlines, 964 F.2d 97, 100 (2d Cir. 1992)).

In order to obtain discovery under Section 1782, the

applicant must show the following requirements:

> (1) that the person from whom discovery is sought reside
> (or be found) in the district of the district court to
> which the application is made, (2) that the discovery be
> for use in a proceeding before a foreign tribunal, and (3)
> that the application be made by a foreign or international
> tribunal or "any interested person."

Id. at 875 (quoting In re Application of Gianoli Aldunate, 3

F.3d 54, 58 (2d Cir. 1993)).

When these three requirements are satisfied, district courts consider the following factors – the Intel factors - in deciding whether to exercise their broad discretion: (1) whether the discovery target is a party to the foreign proceeding, (2) whether the foreign tribunal will be receptive to assistance from a United States federal court, (3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the discovery request is unduly intrusive or burdensome. Intel, 542 U.S. at 264-65; In re del Valle Ruiz, 939 F.3d 520, 533-34 (2d Cir. 2019).

### A.

When a discovery application is granted pursuant to 28 U.S.C. § 1782(a), the requested documents must be produced "in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 1782(a). Thus, the discovery requested must be in the responding party's "possession, custody, or control." Fed. R. Civ. P. 34. For the purposes of Section 1782(a), a party "need not actually possess material to be a properly subpoenaed party—rather, the party has control over material that it has the practical ability to obtain or that it has the legal right to obtain." See In re Liverpool Limited Partnership, 2021 WL 5605044 (S.D.N.Y. Nov. 24, 2021). In this case, therefore, the issue of whether JPMorgan Chase possesses or has control over

7

the documents that Aguila seeks is the controlling question.
Accordingly, if Aguila fails to meet its burden of establishing
JPMorgan Chase's possession, custody, and control of the
relevant documents, then Aguila's Section 1782 application
fails. See In re Mun, No. 22-MC-163, 2022 WL 17718815, at *2
(S.D.N.Y. Dec. 15, 2022).

**B.**

Aguila contends that JPMorgan Chase was the entity with
control of all communications in Brazil, and therefore that it
possessed "all electronic materials that [were] produced during
these specific communications regarding the auction process."
ECF No. 33 at 6. Moreover, because JPMorgan Chase is the
"largest American financial institution," Aguila alleges "it is
unlikely that it has no access to simple electronic files
regarding mails and video calls recordings transmitted through
its domains, something that is has not denied." Id. at 7.

Nevertheless, a parent company does not automatically
possess documents that belong to its subsidiaries. See Mun, 2022
WL 17718815, at *2. Rather, the party seeking discovery must
establish that the parent company has a certain amount of
control over the subsidiary, for example when there is
"substantial overlap between the management executives of the
parent and the subsidiary" and the parent company is
"responsible for [the subsidiary's] compliance, risk management,

8

governance, and financial reporting operations[.]" <u>Liverpool</u>, 2021 WL 5605044, at \*3 (citing <u>Motorola Credit Corp. v. Uzan</u>, No. 2-CV-666, 2013 WL 6098388, at \*3 (S.D.N.Y. Nov. 20, 2013)).

Aguila objects to the Magistrate Judge's finding that Aguila did not meet its burden of showing that JPMorgan Chase possesses, controls, or has custody over the requested documents and communications. <u>See</u> ECF No. 33 at 5-6. But, in response to Aguila's objections, JPMorgan Chase insists that JPMorgan Chase possesses none of the documents that Aguila seeks, <u>see</u> ECF No. 34 at 16, and that Aguila's request is properly directed at JPMorgan Brazil, <u>id.</u>

This argument is consistent with the Magistrate Judge's conclusion that Aguila failed to show that JPMorgan Chase participated in the auction or the decisions to deny Aguila's bids for assets; instead, Aguila seeks documents from JPMorgan Chase "solely relating the alleged activities and communications of individuals operating on behalf of its subsidiary, JPMorgan Brazil, and Petrobras." <u>See</u> ECF No. 32 (citing ECF No. 4-1 at 13-14; ECF No. 1). Accordingly, because Aguila has failed to meet its burden of establishing that JPMorgan Chase has possession, custody, or control of the documents, Aguila's 28 U.S.C. § 1782 petition is properly denied. <u>See</u> <u>In re Boustany</u>, 2024 WL 473569 (S.D.N.Y. Feb. 7, 2024); <u>In re FourWorld Event Opportunities Fund, L.P.</u>, 2023 WL 3375140 (S.D.N.Y. May 11,

2023); <u>Mun</u>, 2022 WL 17718815, at *2; <u>Liverpool</u>, 2021 WL 5605044, at *2-3.

## CONCLUSION

The Court has considered all the arguments by the parties. To the extent not specifically discussed, the remaining arguments are either moot or without merit. The Court adopts the Magistrate Judge's Report & Recommendation in its entirety. Accordingly, the objections to the Report and Recommendation of the Magistrate Judge dated February 29, 2024 are **overruled**. The Clerk is directed to close all open motions and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         July 10, 2024

John G. Koeltl
United States District Judge